Baker, Judge,
dissenting in part.
I fully concur with the majority with respect to the appropriateness of Weida’s sentence and probation condition 8. I respectfully part ways with my colleagues, however, with respect to condition 26.
I believe that condition 26 is unduly intrusive and unnecessarily restrictive. In today’s day and age, to require an individual to seek prior approval for every single use of the Internet is a tall order indeed, especially in a case where the use of the Internet was not a significant part of the underlying crime. I echo the Waters Court’s observation regarding the pervasiveness of the Internet in our daily lives, as well as its observation that “[m]odern technology affords the court the tools to limit [the defendant’s] access to certain dating websites and phone applications, as well as websites with sexually explicit materials—restrictions that are reasonably related to his rehabilitation and the protection of public safety.” 65 N.E.3d at 620. In my view, the trial court could and should have imposed a narrower, more specifically tailored Internet restriction as a condition of Weida’s probation.
In all other respects, I fully concur with the majority opinion.